**WERNER v WERNER**

Ohio Appeals, 2nd Dist, Darke Co

No 443. Decided Feb 1, 1934

Wilbur D. Spidel, Greenville, for plaintiff in error.

Murphy & Staley, Greenville, for defendant in error.

## OPINION

By HORNBECK, PJ.

The court took testimony upon the motion. Suffice to say that the second and third branches thereof are not the subject of review in this court because neither branch is proven upon the record and second, the court did not base his action upon a finding upon either of the branches.

The court in passing upon the motion rendered an oral opinion which we have before us. It is evident from the opinion and from the entry that the court reduced the amount of money to be paid to the plaintiff below upon the sole ground that Donald Werner, Jr., was not the child of

the parties to the divorce decree by adoption or issue. It should be observed at the outset that this is not an action to set aside the decree of divorce and alimony or support money as the fact may be, upon the ground of fraud, but is a motion to modify a former order as to the payment of money for the support of the minor child. Thus all matters decided in the divorce decree and which were necessary to be decided as a part of the decree are res judicata. A motion for modification does not reach nor have for its purpose the setting aside of any principal determination made by the decree.

The basis upon which an order for alimony or support money can be modified is that there has been a change of conditions of the parties, and particularly the one who is required to make the payments, since the original order was entered. That is the test in all cases. If conditions at the time of the filing of the motion for modification are identical with those at the time of the entering of the decree, then as a matter of law the court is without authority to modify the former order.

That is the test that should be applied in this case. Upon such a rule it is obvious that there is no change in the condition of the parties to this suit. They are in the exact status that they were when the divorce decree was granted and when the order under consideration was made. As a basis for a determination of authority to award support money, the court made judicial determination that Donald Werner, Jr., was the child of the parties. This decree can not be set aside upon a motion to modify a support order no more than could the decree divorcing the parties be set aside by such motion. If this solemn decree is to be reached in any manner it must be done by direct attack.

There is considerable discussion in the briefs respecting the nature of the original order whether support alone or alimony and support. This question is not determinative of the cause, but it is interesting to examine the entries wherein the defendant was required to make payment to the plaintiff. The first one in the nature of a temporary order clearly embraces temporary alimony and support money. The entry, a part of the divorce decree, designates the payments to be made as for the support of the child. This was an unfortunate wording of the entry because it is obvious that when the order was originally made the total sum fixed included not only temporary alimony but support money.

That the court could have awarded ali-

mony to the plaintiff although she did not specifically pray therefor is probable. However, unless there were some steps taken to change the phraseology of the order in connection with the divorce decree it must be accepted as an order for support money only. The motion was directed to a modification of that order and the court could not properly upon the state of the record as found at the time of passing upon the motion have reopened the case and granted to the plaintiff as alimony a portion of the total sum theretofore fixed as support money.

Restating our conclusions. The defendant was not entitled to a modification of the judgment against him for support money for two reasons: (1) Because of no showing of changed conditions. (2) Because of estoppel by judgment. **14 O. Jur., 1174:**

"It is necessary, as a general rule, that the conditions or circumstances relied upon as warranting the modification of an alimony decree must have arisen subsequently to the entry thereof."

Citing **Olney v Watts, 43 Oh St, 499; Sager v Sager, 5 Oh Ap, 489; Meissner v Meissner, 11 O.C.C., 1.** The syllabus of the last case reads:

"It seems to be the established doctrine in Ohio that so far as a decree of alimony is concerned, the courts have power, not to change the original order upon the facts that existed at the time the order was made, but to modify it upon any changed conditions occurring after the original decree, which would authorize the court to interfere."

And in **Conant v Conant, 16 O.N.P. (N.S.), 72,** it is held that:
"Such changed conditions or circumstances (affecting the decree) must be of such character that they could not have been reasonably anticipated and taken account of at the time of the original trial or hearing."

"The term 'estoppel by judgment' is frequently used by the courts to indicate a bar which precludes a person from denying the truth of a fact which has, in contemplation of law, become settled by the acts and proceedings of judicial officers, as distinguished from estoppel arising from acts of the party himself." **23 O. Jur., 835,** and cases cited.

Whether or not defendant has estopped

himself by his acts in the event of a direct attack on the judgment on the basis of fraud is not a question for determination in this proceeding.

Being of opinion that the court did not have the basis either upon the first ground of the motion to modify or upon the evidence offered in support thereof for the judgment which is under review, it follows that it was improperly and illegally made and it will therefore be reversed. Order of date May 1, 1933 fixing the amount to be paid by the defendant to the plaintiff as support money for the minor child Donald Werner, Jr., will be effective until the further order of the trial court. Judgment reversed and remanded.

KUNKLE and BARNES, JJ, concur.